UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRADLEY CARROLL, *et al.*,

       Plaintiffs,

                               Case No. 04-74984

v.

                               Hon. John Corbett O'Meara
CITY OF DETROIT,                 Magistrate Wallace Capel, Jr.

       Defendant.

_____/

## ORDER DENYING MOTION TO CERTIFY ORDER
## PURSUANT TO 28 U.S.C. § 1292(b) AND TO STAY PROCEEDINGS

       Before the court is the City of Detroit's Motion to Certify Order pursuant to 28 U.S.C. § 1292(b) and to Stay Proceedings, filed February 1, 2006. Plaintiffs submitted a response on February 3, 2006. Pursuant to LR 7.1(e)(2), the court will decide this matter without oral argument.

       On January 18, 2006, the court issued an opinion and order adopting in part the magistrate judge's report and recommendation. The order granted Plaintiffs' motion for summary judgment and found both the original and amended versions of Detroit City Ordinance § 5-1-3 to be unconstitutional. The City requests that the court certify its order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

       "To obtain permission to appeal pursuant to § 1292(b), the petitioner must show that: (1) the question involved is one of law; (2) the question is controlling; (3) there is substantial ground for difference of opinion respecting the correctness of the district court's decision; and (4) an immediate appeal would materially advance the ultimate termination of the litigation." Vitols v.

Citizens Banking Co., 984 F.2d 168, 170 (6th Cir. 1993).  The Sixth Circuit has emphasized that "[r]eview under § 1292(b) should be sparingly granted and then only in exceptional cases." Id.

The court is not persuaded that this is an exceptional case that is appropriate for review under § 1292(b).  The City did not object to the magistrate's conclusion that the original ordinance violated the equal protection clause; accordingly, the City may not appeal this issue.  See Smith v. Detroit Federation of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).  Therefore, the court's determination that the original ordinance is unconstitutional will stand and any further issues the City raises on appeal regarding the original ordinance will not be controlling.

Further, with respect to both the original ordinance and the amended ordinance, the City has not demonstrated that "there is substantial ground for difference of opinion respecting the correctness" of the court's decision on Plaintiffs' First Amendment claim.  See Vitols, 984 F.2d at 170.  Specifically, the City has not explained why the court's analysis under Central Hudson Gas & Elec. Corp. v. Public Serv. Comm'n, 447 U.S. 557 (1980) is incorrect.

For these reasons, the court finds that this case is not appropriate for certification under § 1292(b).

IT IS HEREBY ORDERED that the City of Detroit's February 1, 2006 Motion to Certify Order pursuant to 28 U.S.C. § 1292(b) and to Stay Proceedings is DENIED.

        s/John Corbett O'Meara
        John Corbett O'Meara
        United States District Judge

Dated: February 16, 2006